Wang v. Holder
BIA
Mulligan, IJ
A088 372 122

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of August, two thousand twelve.

PRESENT:
>   JON O. NEWMAN,
>   REENA RAGGI,
>   RAYMOND J. LOHIER, JR.,
>       *Circuit Judges.*

_____

XIAOFANG WANG,
>       *Petitioner,*

>   v.                                    11-4122
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Gary Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director, Walter Bocchini; Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiaofang Wang, a native and citizen of the People's Republic of China, seeks review of a September 15, 2011, decision of the BIA affirming the September 26, 2008, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaofang Wang*, No. A088 372 122 (B.I.A. Sept. 15, 2011), *aff'g* No. A088 372 122 (Immig. Ct. N.Y. City, Sept. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008).

**I.   Credibility**

For asylum applications, like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on

2

the demeanor, candor or responsiveness of the applicant, . . . [and] the consistency between the applicant's or witness's written and oral statements, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In finding that Wang's demeanor reflected negatively on her credibility, the agency concluded that her demeanor was designed to "curry favor" with the court and that she displayed emotions and various facial expressions that were "contrived." A reviewing court grants "particular deference" in applying the substantial evidence standard to credibility findings based on demeanor. *Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007). Here, the IJ's credibility determination is based on physical observations to which "particular deference" is due. *Id.*

The adverse credibility determination is further supported by inconsistencies in the record concerning the number of times Wang was detained. *See Xiu Xia Lin*, 534

F.3d at 167 (holding that "an IJ may rely on any inconsistency or omission in making an adverse credibility determination . . ."). In her asylum application Wang listed only a single incident in which she and her colleagues were taken to a police station and held for questioning. However, before the IJ, Wang stated that she had been held by the police five or six times. The IJ was not required to credit Wang's explanation for the omission, that she listed only the major incident in her application and intended to supplement the application with testimony, particularly given the centrality of any arrest to her claim and her statement in her application that during the relevant period she was harassed by the authorities. *See Xiu Xia Lin*, 534 F.3d at 167; *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Having questioned Wang's credibility, the agency reasonably relied on her failure to provide sufficient evidence to corroborate her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence

4

of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was not required to credit the affidavits Wang submitted, as the affidavits did not confirm any specific arrests or other incidents of persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Accordingly, given the demeanor finding, inconsistency, and lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.

**II. Future Persecution Based on U.S. Activities**

Nor did the BIA err in determining that Wang's activities in the U.S. did not establish an objective likelihood of future persecution. To establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang*

5

*v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Thus, an applicant claiming a prospective fear of persecution must make some showing that the government is aware or is likely to become aware of his or her activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Although the evidence Wang submitted – affidavits confirming her participation in U.S.-based demonstrations and photographs of her participation in these demonstrations – confirms her activities, it fails to show that the Chinese government is aware or likely to become aware of such activities. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6